# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| STUART WOODS, </br>  Plaintiff, </br> v. </br> PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,; and </br> DOE 1-5 </br>  Defendants. | Civil Action No. _____ |

## COMPLAINT

**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged in the activity alleged herein against Plaintiff while Plaintiff so resided.

## PARTIES

3. Plaintiff, STUART WOODS (hereinafter "Plaintiff" or "Mr. Woods"), is a natural person residing in Woodbury, Tennessee. Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 120 Corporate Boulevard in Norfolk, Virginia. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. Defendants PORTFOLIO RECOVERY ASSOCIATES, L.L.C. and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4. Defendants regularly operate as third-party debt collector and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. On or about December 16, 2012, Defendants began contacting Mr. Woods by telephone in an attempt to collect a consumer debt alleged owed by Mr. Woods.

6. On or about December 16, 2012, Mr. Woods advised Defendants that the Capital One account for which they were attempting to collect on was discharged in a 1997 bankruptcy. Defendants continued to make collection calls to Mr. Woods. On or about December 24, 2012, Mr. Woods once against spoke with Defendants and advised them that his Capital One account

was discharged in a 1997 bankruptcy and that he is disabled and does not work. Defendants continued to make collection calls to Mr. Woods.

7. On or about January 21, 2013, Mr. Woods answered a call from Defendants. Defendants insisted that Mr. Woods make a payment on his alleged Capital One debt. Once against Mr. Woods explained that his Capital One debt was discharged in bankruptcy and that he had no accounts with Capital One since. Upon Defendants request, Mr. Woods' provided his date of birth. Defendants concluded that Mr. Woods' date of birth did not match that which was on their files for the alleged debtor. Defendants advised Mr. Woods that there was a mix-up over identity and that they would cease calling him. Defendants continued to make collection calls to Mr. Woods.

8. On or about February 4, 2013, Defendants called Mr. Woods in an attempt to collect upon the alleged Capital One debt, asking him how much he could pay that day.

9. On or about February 17, 2013, Defendants called Mr. Woods in an attempt to collect upon the alleged Capital One debt.

10. Defendants continued to place collection calls to Mr. Woods home and fax numbers through at least May 6, 2013.

11. Mr. Woods, increasingly harassed and concerned with Defendants' calls, obtained counsel with Centennial Law Offices. Mr. Woods' counsel contacted Defendants on July 22, 2013. Defendants admitted that they had obtained Mr. Woods' credit reports and that neither Mr. Woods' date of birth or address matched that on Defendants' collection file. Defendants further admitted that they did not have a social security number from Capital One for which to confirm that Mr. Woods was in fact the actual debtor.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d as follows: Defendants' continued calls after being advised of Plaintiff's bankruptcy and/or confirmation that they were contacting the wrong consumer constitute conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

### COUNT II

13. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692f as follows: Defendants' continued in their efforts to obtain payment from Plaintiff after being advised of Plaintiff's bankruptcy and/or confirmation that they were contacting the wrong consumer.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery, each count in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,155.00 in legal costs incurred in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: January 30, 2014

_____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff STUART WOODS
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com